UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-26285-CV-DIMITROULEAS

PEDRO JOSE ORTA DE LA HOZ,

Petitioner,

v.

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

Respondent.
______________________________________/

**ORDER**

**THIS CAUSE** is before the Court upon Petitioner Pedro Jose Orta De La Hoz ("Petitioner")'s Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). [DE 1]. Petitioner challenges his immigration detention and seeks immediate release from custody. [*Id.* ¶¶ 5, 13, 15]. For the following reasons, the Petition is dismissed without prejudice.

Section 2243 authorizes courts to dismiss legally insufficient petitions for habeas corpus without ordering responsive briefing. *See* 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or . . . direct[] the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto."); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ." (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994))).

Petitioner fails to set forth a factual basis that could support a finding that he is entitled to relief. For example, Petitioner appears to bring a constitutional claim based on the length of time he has spent in detention. [DE 1 ¶ 13]. Petitioner alleges that he was taken into immigration

custody on May 24, 2026. [DE 1 ¶ 11(a)]. The length of his current detention remains within the six-month period that is presumptively reasonable under *Zadvydas*. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Petitioner does not otherwise show post-removal-order detention in excess of six months. *See generally* [DE 1]. Nor does Petitioner provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Akinwale*, 287 F.3d at 1052 ("[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."). Lacking supporting facts, the Petition is insufficient on its face. The Court therefore dismisses the Petition without prejudice.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition [**DE 1**] is **DISMISSED** without prejudice.
2. The Clerk shall **CLOSE** this case and **DENY AS MOOT** any pending motions, including [**DE 3**].
3. The Clerk shall mail a copy of this order to Petitioner.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 11th day of September, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

[1] Alternatively, the Petition is due to be dismissed for Petitioner's failure to pay the filing fee or file a motion for leave to proceed *in forma pauperis*. *See generally* Docket.

Copies furnished to:
Counsel of Record

Pedro Jose Orta De La Hoz, *Pro Se*
A #077-068-517
Miami Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101